**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

GAVIN C. THOMAS,

                             Plaintiff,

       - v -                                       Civ. No. 8:17-CV-1213
                                                             (MAD/DJS)

LARRY HEID, *et al.*,

                             Defendants.
_____

GAVIN C. THOMAS
Plaintiff, *Pro Se*
16-A-0095
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff Gavin Thomas, who is presently incarcerated at the Clinton Correctional Facility. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678-79 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Plaintiff's Complaint

According to the *pro se* Complaint, Plaintiff was pulled over by City of Albany Police Officer J. Rundell on September 22, 2014 at 3:30 p.m. for an alleged window tint violation. Compl. at ¶ 6. Plaintiff claims that he was wrongfully removed from his vehicle and

detained without criminal charges. *Id.* After five hours of detention, he was notified that he was being charged with criminal possession of a weapon in the 2nd degree. *Id.* Plaintiff was arraigned the next day in Albany City Court on numerous charges, but he maintains that City Court Judge Will Carter dismissed all the charges with the exception of the felony weapons charge. *Id.* Plaintiff complains that a Times Union article, written by Defendant Clukey and published on September 24, 2014, indicated that he had been charged with a misdemeanor of menacing when in fact he had not been so charged at that time. *Id.* Plaintiff denies engaging in any conduct which would constitute the offense of menacing, and notes that the charge of menacing that was brought by superseding indictment on February 27, 2015, was thereafter dismissed on November 18, 2015.[1] *Id.*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). Plaintiff's Complaint, liberally

---

[1] The Court takes judicial notice of the fact that, according to the New York State Department of Corrections and Community Supervision (DOCCS) website, Plaintiff was received into DOCCS custody on January 11, 2016, after being convicted of criminal sale of a controlled substance in the 3rd degree (a class B felony); criminal possession of a weapon in the 2nd degree (a class C felony); and criminal possession of a weapon in the 3rd degree (a class D felony). Plaintiff was sentenced to an indeterminate term of incarceration with a maximum term of 15 years. Albany County is listed as the County of commitment, and Plaintiff's earliest parole eligibility date, provided he can establish merit, is listed as November 24, 2027. Inmate Information, New York State Department of Corrections and Community Supervision, *available at* http://nysdoccslookup.doccs.ny.gov /GCA00P00/WIQ3/WINQ130.

construed, attempts to assert §1983 claims against Officer J. Rundell for false arrest; against Albany Detectives Larry Heid and Christopher Cornell for, in essence, malicious prosecution; against District Attorney David Soares and Assistant District Attorney Steven Sharp for malicious prosecution and a due process violation; against the Albany Police Department on a *Monell* theory; and against the Albany Times Union and its Reporter, Keshia Clukey, for defamation and slander. *Id.* at ¶¶ 6 & 7.

### C. Analysis

*1. Heck v. Humphrey*

In determining whether the *pro se* Complaint should be dismissed prior to service, the Court must first determine whether it violates the *Heck* rule. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. (emphasis in original).

In the present case, Plaintiff is alleging a claim of malicious prosecution arising out of a menacing charge that was brought against him, but later dismissed. Compl. at ¶¶ 6-7. Nevertheless, it is also apparent that Plaintiff was convicted of serious felony charges that were lodged at the same time, including charges of weapons possession. It is not clear to the Court, however, that the charges that resulted in the conviction arise out of the same conduct

or course of events that form the basis of the menacing charge, such that the *Heck* bar would apply. *See generally Bailey v. City of New York*, 79 F. Supp. 3d 424, 448 (E.D.N.Y. 2015) ("Where a prisoner-plaintiff brings a malicious prosecution claim on a charge for which she or he was acquitted, in order to determine if the claim may proceed, a court considers whether the acquittal charge and the conviction charge are sufficiently distinct."). In reviewing the newspaper article attached as Exhibit A to the Complaint, as well as the portion of the Superseding Indictment attached as Exhibit B, it appears that the menacing charge arises out of an incident that occurred on September 21, 2014 in the area of Lexington Avenue in the City of Albany, whereas the other felony charges may have been premised upon events that occurred on September 22, 2014. Because of the lack of clarity in the Complaint on this precise issue, the Court finds that any determination as to the applicability of *Heck* is premature and has undertaken its initial review of the sufficiency of Plaintiff's claims without regard to *Heck*.

### 2. *False Arrest/Unlawful Imprisonment*

With regard to the initial police contact identified in Plaintiff's Complaint, it appears that Plaintiff's claim is that Officer Rundell improperly arrested and unlawfully detained him without charges for five hours.[2] Such a claim cannot proceed, however, because it runs afoul

---

[2] Officer Rundell is not listed in the "Causes of Action" section of the Complaint, but he is a named Defendant. Compl. at ¶ 3. The only conduct that Plaintiff alleges he participated in was the initial arrest of the Plaintiff and bringing Plaintiff to the station to be held. *See id*. at ¶ 6. Thus, the Court liberally construes any conceivable claim against Officer Rundell as one for false arrest or unlawful imprisonment.

of the applicable statute of limitations.³  In New York, claims under § 1983 must be commenced within three years of the date of their accrual.  *Soto v. Brooklyn Corr Facility*, 80 F.3d 34, 35 (2d Cir. 1996).  A false arrest or unlawful imprisonment claim accrues when the alleged false imprisonment ends: when an arrestee is bound over by a magistrate or arraigned on charges.  *Wallace v. Kato*, 549 U.S. 384, 389 (2007).  As noted in the Complaint, Plaintiff was arraigned on charges in connection with this matter in Albany City Court on September 23, 2014.  Compl. at ¶ 6.  Accordingly, any false arrest or false imprisonment charge accrued on that day, and the statute limitations would have expired on September 23, 2017.  As the Complaint was not filed until 41 days later, Plaintiff's claims against Officer Rundell for false arrest and unlawful detention under § 1983 are barred by the statute of limitations.  In light of this bar, which cannot be corrected through repleading, it is recommended that the claim against Officer Rundell be dismissed with prejudice.  *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).

### 3. Claims against Detectives Heid and Cornell

The claim against the two Albany detectives, Larry Heid and Christopher Cornell, arises out of Plaintiff's claim that they "filed a menacing charge against [him] with lack of evidence which case should of never been filed."  Compl. at 7.  This allegation, although denoted in the Complaint as one of "false arrest," is more properly analyzed as a claim of

---

³ Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review even though the statute of limitations bar is an affirmative defense.  *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint).

malicious prosecution. Such a claim requires five elements: "(1) the initiation of a criminal proceeding by the defendant; (2) its termination favorably to plaintiff; (3) lack of probable cause; (4) malice[;] . . . and [5] a post arraignment deprivation of liberty." *Bailey v. City of New York*, 79 F. Supp. 3d at 448. Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,191 (2d Cir. 2008), the Court recommends that Plaintiff's § 1983 claim for malicious prosecution against Defendants Heid and Cornell be found to survive initial review and require a response.[4] In so recommending, the Court expresses no opinion as to whether the claims can withstand a properly filed motion to dismiss or motion for summary judgment.

### 4. Municipal Liability

In *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees. *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000)(quoting *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)). Thus, in order for an individual whose constitutional rights have been

---

[4] Because a claim for malicious prosecution only accrues upon the date of the favorable termination, *Heck v. Humphrey*, 512 U.S. at 486-87, it does not appear that Plaintiff's proposed malicious prosecution claim is barred by the statue of limitations as he alleges that the menacing charge was dismissed on November 18, 2015, well within three years of the date of the filing of the present Complaint.

violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. at 690-91. A "policy" or "custom" cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in *Monell* . . . .").

The present Complaint is wholly devoid of any allegation that Plaintiff's alleged constitutional violation was caused by some policy or custom created and maintained by the City of Albany or its Police Department.[5] Accordingly, the Court recommends dismissal of the *Monell* claim against the City of Albany Police Department. That dismissal should be without prejudice and with leave to amend if Plaintiff can identify specific non-conclusory facts that establish a policy or custom of the City of Albany that is sufficient under *Monell* and its progeny.

### 5. District Attorney Soares and Assistant District Attorney Sharp

In considering the claims against the District Attorney and the Assistant District Attorney for Albany County, the Court must consider the scope of prosecutorial immunity.

---

[5] The proper defendant in any such claim would only be the City of Albany; the Albany Police Department is an administrative arm of the City, and thus does not have its own separate identity. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008).

Applying a functional approach, "[a] prosecutor [] has absolute immunity in connection with the decision whether or not to commence a prosecution" as well as other acts that are "intimately associated with the judicial phase of the criminal process." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). As summarized by the Second Circuit:

> Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. [*Imbler v. Pachtman*, 424 U.S.] at 430-31; *Buckley* [*v. Fitzsimmons*, 509 U.S. 259, 273 (1993)]. Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, *Buckley*, 509 U.S. at [273], or determining which offenses are to be charged. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). Prosecutorial immunity from § 1983 liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

*Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995).

On the other hand, a prosecutor is entitled only to qualified immunity when engaged in conduct independent of prosecution such as investigative or administrative activity, rather than as the official charged with initiating and pursuing criminal prosecutions. *Buckley v. Fitzsimmons*, 509 U.S. at 273; *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 502-03 (2d Cir. 2004). Thus, a prosecutor is not entitled to absolute immunity in situations such as those where he "supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest—that is, when he performs functions normally associated with a police investigation." *Richards v. City of New York*, 1998 WL 567842, at *2 (S.D.N.Y. Sept. 3, 1998) (*citing Burns v. Reed*, 500 U.S. 478, 493 (1991)).

The Complaint before the Court makes clear that the two prosecutors are being sued for quintessentially prosecutorial conduct: "Steven M. Sharp and P. David Soares prosecuted me on menacing charge which they knew that charge lacked evidence . . . ." Compl at ¶ 7. In light of this fact, the Court recommends that Plaintiff's § 1983 malicious prosecution claim against Defendants Soares and Sharp be dismissed, and that the dismissal be with prejudice on absolute immunity grounds.

*6. Defamation/Slander Claim against the Albany Times Union and Defendant Clukey*

As a final matter, the Court addresses the claims for defamation and slander brought by Plaintiff against the Albany Times Union newspaper, as well as its reporter, Keshia Clukey. These claims are defective on several levels. First, the Supreme Court long ago determined that a § 1983 suit does not lie based solely upon allegations of slander or libel. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Second, neither the Times Union nor its reporter are "state actors," a fundamental element of any claim brought under § 1983. *See Colon v. Town of West Hartford*, 2001 WL 45464, at *7 (D. Conn. Jan. 5, 2001). Finally, any such libel or slander claim is barred by the statute limitations. Under New York law, a claim for defamation or slander must be commenced within one year of the publication date. *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009); N.Y. C.P.L.R. 215(3). In this case the alleged offending article was made public on September 24, 2014, and the present Complaint was not filed until November 3, 2017. Even if the Court were to apply the longer three-year statue of limitations applicable to § 1983 actions, Plaintiffs claim is still untimely. Accordingly, the § 1983 claim for libel or slander should be dismissed with

prejudice.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the following claims be **DISMISSED with prejudice**:

1) Plaintiff's false arrest/unlawful imprisonment claim against Defendant Rundell;

2) Plaintiff's malicious prosecution claim against Defendant Soares and Sharp; and

3) Plaintiff's slander and defamation claims against Defendants Times Union and Clukey; and it is further

**RECOMMENDED**, that Plaintiff's *Monell* claim against Defendant City of Albany be **DISMISSED without prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's malicious prosecution claims be allowed to proceed against Defendants Cornell and Heid; and it is further

**RECOMMENDED**, that if the above recommendations are adopted that Defendants Rundell, Soares, Sharp, Times Union, Clukey, and Albany Police Department be **dismissed** as Defendants; and it is further

**RECOMMENDED**, that if the above recommendations are adopted, that the Clerk of the Court be directed to issues Summonses and forward them, along with copies of the Complaint, a packet containing General Order 25, and a copy of this Report-Recommendation and Order and any order issued by the District Judge on these recommendations, to the United States Marshall for service upon Defendants Cornell and Heid. Defendants Cornell and Heid should be directed to file a formal response to the

Complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on the Plaintiff in accordance with the local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

Date:  December 6, 2017
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).