**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GAVIN C. THOMAS,**

                                  **Plaintiff,**

  vs.                                                   **8:17-cv-01213**
                                                         **(MAD/DJS)**

**LARRY HEID,** *Detective***, CHRISTOPHER**
**CORNELL***, Detective,* **P. DAVID SOARES,**
*District Attorney***, STEVEN M. SHARP,**
*District Attorney***, TIMES UNION,**
**ALBANY POLICE DEPARTMENT,**
**JEREMY RUNDELL,** *Police Officer***,**
**KESHIA CLUKEY,** *Times Union Publisher***,**

                                  **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**GAVIN THOMAS**
16-A-0095
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff Gavin Thomas ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2017, asserting claims arising out of an arrest on September 22, 2014. *See* Dkt. No. 1. The complaint alleges constitutional violations against Defendants Larry Heid, Christopher Cornell, P. David Soares, Steven M. Sharp, the Times Union, the City of Albany, Jeremy Rundell, and Keshia Clukey. *See id*. at ¶¶ 3, 4.

Magistrate Judge Stewart conducted an initial review and issued a Report-Recommendation and Order recommending dismissal with prejudice of the following claims: Plaintiff's false arrest claim against Defendant Rundell; Plaintiff's slander and defamation claims against Defendants Times Union and Clukey as barred by the statute of limitations; and Plaintiff's malicious prosecution claim against Defendants Soares and Sharp as barred by absolute immunity. Dkt. No. 5 at 5, 9, 11. Magistrate Judge Stewart further recommended Plaintiff's *Monell* claim against Defendant City of Albany be dismissed without prejudice for failing to allege a custom or policy caused the alleged constitutional violation. Finally, Magistrate Judge Stewart recommended that Plaintiff's malicious prosecution claims be allowed to proceed against Defendants Cornell and Heid. *Id*. at 8-9. Plaintiff filed objections to the Report-Recommendation and Order on January 2, 2018. Dkt. No. 9. For the reasons stated below, the Court adopts Magistrate Judge Stewart's Report-Recommendation and Order in its entirety.

## II. BACKGROUND

As Plaintiff does not object to Magistrate Judge Stewart's recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 5 at 3-5.

## III. DISCUSSION

**A.     Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although "the court has the duty to show liberality

towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to

3

object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.      False Arrest Claim**

Magistrate Judge Stewart correctly found that Plaintiff's claim for false arrest was barred by the statute of limitations which had begun to run when Plaintiff was arraigned on September 23, 2014, and expired three years later on September 23, 2017.  *See* Dkt. No. 5 at 7.  Plaintiff filed his complaint alleging false arrest on November 3, 2017, forty-one days after the statute of limitations expired.  *Id.* at 7.  Plaintiff contends that the statute of limitations did not start to run at the arraignment, but rather at the time he was charged, or in the alternative, the dismissal of the charge against him.  *See* Dkt. No. 9 at 1.  The Supreme Court, however, has already rejected this argument, holding that statute of "'[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'"  *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (quoting 2 H. Wood, Limitation of Actions § 187d(4), p. 878 (rev. 4th ed. 1916)) (other citation omitted).  The Court further stated "petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected.  It ended much earlier, when legal process was initiated against him." *Id*. at 390.

4

Plaintiff sets forth in his complaint that he was arrested and detained on September 22, 2014, and was arraigned September 23, 2014. Dkt. No. 1 at 6-7. As such, Plaintiff's alleged false imprisonment ended on September 23, 2014, and the statute of limitations expired on September 23, 2017, thus barring Plaintiff's claim. The Court therefore adopts Magistrate Judge Stewart's recommendation that Plaintiff's false arrest claim be dismissed.

**C.    Remainder of Plaintiff's Claims**

Plaintiff does not object to the remainder of the Report-Recommendation and Order. Having reviewed Magistrate Judge Stewart's December 6, 2017 Report-Recommendation and Order and the applicable law, the Court finds no clear and error. The Court concludes that Magistrate Judge Stewart correctly recommended that the Court dismiss Plaintiff's malicious prosecution claim against Defendants Soares and Sharp, and Plaintiff's slander and defamation claims against Defendants Times Union and Clukey. Magistrate Judge Stewart further correctly recommended Plaintiff's *Monell* claim against Defendant City of Albany be dismissed without prejudice, and Plaintiff's malicious prosecution claims be allowed to proceed against Defendants Cornell and Heid.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's malicious prosecution claim against Defendants Soares and Sharp, and Plaintiff's slander and defamation Claims against Defendants Times Union and Clukey are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's *Monell* claim against Defendant City of Albany is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's malicious prosecution claims shall be allowed to proceed against Defendants Cornell and Heid; and the Court further

**ORDERS** that the Clerk of the Court shall issue Summonses and forward them, along with copies of the Complaint, a packet containing General Order 25, a copy of this Memorandum-Decision and Order and Magistrate Judge Stewart's December 6, 2017 Report-Recommendation and Order, to the United States Marshal for service upon Defendants Cornell and Heid. Defendants Cornell and Heid shall file a formal response to the complaint in accordance with the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[1]

**IT IS SO ORDERED.**

Dated: April 12, 2018.
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] The Clerk of the Court is directed to terminate docket entry numbers seven (7) and eleven (11) as pending motions. Plaintiff's submission simply clarifies an issue he previously addressed in his submissions. Additionally, Plaintiff is directed that the time for Defendants to object to the Report-Recommendation and Order expired on December 26, 2017 and they elected to not file objections, as was their right.