UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GAVIN C. THOMAS,

          **Plaintiff,**

 vs.                   8:17-CV-1213
                         (MAD/DJS)
LAWRENCE HEID, et al.,

         **Defendants.**

---

APPEARANCES:            OF COUNSEL:

GAVIN C. THOMAS
16-A-0095
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

THE REHFUSS LAW FIRM, P.C.    ABIGAIL W. REHFUSS, ESQ.
40 American Boulevard        STEPHEN J. REHFUSS, ESQ.
Latham, New York 12110
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

 Plaintiff *pro se* Gavin C. Thomas ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2017, asserting claims arising out of an arrest on September 22, 2014. *See* Dkt. No. 1. On April 12, 2018, the Court dismissed all claims with the exception of malicious prosecution claims against Defendants Lawrence Heid and Christopher Cornell. *See* Dkt. No. 12 at 6. Plaintiff has filed a motion for summary judgment.

*See* Dkt. No. 39. Defendants have responded to this motion and filed a cross-motion for summary judgment. *See* Dkt. No. 41. Plaintiff subsequently responded to Defendants' cross-motion for summary judgment. *See* Dkt. No. 45.

Currently before the Court are the parties' cross-motions for summary judgment. *See* Dkt. Nos. 39, 41. For the following reasons, Defendants' motion is granted and Plaintiff's is denied.

## II. BACKGROUND

### A.     N.D.N.Y. Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) requires a party moving for summary judgment to file and serve a Statement of Material Facts. *See* N.D.N.Y.L.R. 7.1(a)(3). "The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." *Id.* The opposing party is required to file a response to the Statement of Material Facts "admitting and/or denying each of the movant's assertions in matching numbered paragraphs." *Id.* "The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." *Id.* (emphasis omitted).

Plaintiff filed a "Statement of Facts" in his motion for summary judgment, *see* Dkt. No. 39-2 at 2–4, as well as a "Response to Defendants Statement of Facts." *See* Dkt. No. 45 at 1–2. Defendants argue that because Plaintiff failed to set forth, in numbered paragraphs, a short and concise statement of each material fact, that it was "impossible for Defendants to appropriately respond." Dkt. No. 41-1 at 1. This Court is not required to "perform an independent review of the record to find proof of a factual dispute." *Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 371 (N.D.N.Y. 2003). In addition, while Defendants argue, and the Local Rules provide, that the Court shall deem admitted any facts the nonmoving party fails to "specifically controvert," *pro se*

plaintiffs are afforded special solicitude in this District and within the Second Circuit. *See* N.D.N.Y.L.R. 7.1(a)(3). Accordingly, in deference to Plaintiff's *pro se* status, the Court will independently review the record when evaluating the cross-motions for summary judgment. *See Perry v. Ogdensburg Corr. Facility*, No. 9:10-CV-1033, 2016 WL 3004658, *1 (N.D.N.Y. May 24, 2016) (determining that "although Plaintiff failed to respond to the statement of material facts filed by Defendants as required under Local Rule 7.1(a)(3), the Court would invoke its discretion to review the entire record when evaluating the parties' respective [m]otions for summary judgment").[1]

**B.   Background**

On September 21, 2014, at approximately 3:50 p.m., the Albany Police Department received a phone call from a civilian woman who claimed that Plaintiff pulled alongside her in his vehicle and pulled out a revolver-style handgun and threatened to shoot her. *See* Dkt. No. 41-7 at 2. The alleged victim provided police officers with Plaintiff's license plate number, as well as a detailed description of Plaintiff, who she knew through Plaintiff's girlfriend. *See* Dkt. No. 41-11. The incident occurred at the intersection of Lexington Avenue and Orange Street in Albany, New York. *See id.* A check with members of the Albany Police Department's Criminal Response Unit confirmed that Plaintiff was the subject of an ongoing investigation, because they believed "him to be dealing large amounts of cocaine." Dkt. No. 41-7 at 2.

The following day, September 22, 2014, Defendants Cornell and Heid interviewed the alleged victim, who stated that she was in her car when Plaintiff pulled up alongside her and

---

[1] This disposition is particularly appropriate in this case since it does not appear that Defendants' cross-motion for summary judgment was accompanied by the required notice to Plaintiff of the consequences of his failure to properly respond in opposition to the motion. *See* N.D.N.Y.L.R. 56.2. The Court filed this notice on January 7, 2020. *See* Dkt. No. 42.

brandished a revolver, threatening to "clap" her, which she understood to mean "he was going to shoot me." Dkt. No. 41-6 at 1–2. The alleged victim then positively identified Plaintiff as her assailant from a photo array. *See id.* ("Pointing to number four (He right there)"). That same day, Patrol Officer Rundell executed a traffic stop, because Plaintiff was operating a motor vehicle with non-transparent front windows. *See* Dkt. Nos. 41-8, 41-9. Officer Rundell recognized Plaintiff, his license plate number, and his car model, as matching the alleged victim's description in the menacing incident. *See* Dkt. No. 39 at 15:1–5. Officer Rundell smelled marijuana emanating from Plaintiff's car, subsequently searched and detained Plaintiff after finding marijuana, and Plaintiff was then transported to the Albany Police Department's South Station. *See id.* at 15:13–17, 21:14–2, 23:21–24:1.

On the same date, Defendant Heid prepared a search warrant for Plaintiff's residence based on the alleged "ongoing menacing/gun possession investigation." Dkt. No. 41-7 at 1. The search warrant was subsequently signed by Judge Carter and executed at Plaintiff's residence on later that day. *See id.* After a revolver and a .40 caliber handgun were located at Plaintiff's residence, Plaintiff was arrested and charged with two counts of Criminal Possession of a Weapon. *See* Dkt. No. 41-10.

The criminal prosecution of Plaintiff was originally handled by Albany County Assistant District Attorney Kurt Haas, who only presented a single charge of Criminal Possession of a Weapon in the Second Degree to the Grand Jury. *See* Dkt. No. 41-5 at ¶¶ 2–3. Albany County Assistant District Attorney Steven Sharp was later assigned to the prosecution, and subsequently presented a superseding indictment to the Grand Jury charging Plaintiff with two counts of Criminal Possession of a Weapon in the Second Degree, one count of Criminal Possession of a Weapon in the Third Degree, and Menacing in the Second Degree. *See id.* at ¶ 8. Plaintiff was

4

indicted on all charges. *See id.* at ¶ 9. The menacing charge was ultimately dismissed against Plaintiff (due to an inability to locate the alleged victim), and Plaintiff was convicted of all remaining charges; his conviction and sentence were ultimately affirmed on appeal. *See id.* at ¶¶ 10–16.

Presently pending before the Court are the parties' cross-motions for summary judgment. *See* Dkt. Nos. 39, 41. In Plaintiff's motion, he seeks summary judgment because he alleges Defendants knowingly presented falsified documents and unsupported allegations to imprison Plaintiff. *See generally* Dkt. No. 39-2. In Defendants' motion, they seek summary judgment because Plaintiff has failed to satisfy the elements of a Section 1983 malicious prosecution claim. *See* Dkt. No. 41 at 2–5.

### III. DISCUSSION

**A.** **Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 ©)), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

5

242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from

following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

B.   **Malicious Prosecution**

To prevail on a Section 1983 claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). Under New York law, a plaintiff must establish four elements to support a malicious prosecution claim: "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Id.* (quotation and other citations omitted); *see also Dufort v. City of New York*, 874 F.3d 338, 350 (2d Cir. 2017) (quotation omitted). Initiating a criminal proceeding against a person without probable cause, coupled with a deprivation of liberty, is a Fourth Amendment violation. *See Murphy v. Lynn*, 118 F.3d 938, 944–45 (2d Cir. 1997) (citation omitted).

With regards to the first element, the Second Circuit has held that although "police officers do not generally 'commence or continue' criminal proceedings against defendants, a claim for criminal prosecution can still be maintained against a police officer if the officer is found to 'play [ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (quotations

7

omitted). "This element might be satisfied by, for example, showing that an officer generated witness statements or was regularly in touch with the prosecutor regarding the case." *Id.* (citation omitted).

In the present case, there is no evidence before the Court that either Defendant exerted any pressure on the prosecutors to bring criminal charges against Plaintiff. Put simply, neither Defendant took any action courts have found to create a triable issue of fact with respect to initiating a criminal proceeding for purposes of a malicious prosecution. Even if either Defendant could be considered to have forwarded information to the prosecutors, they would not be subject to a malicious prosecution action "in the absence of evidence that [they] misled or pressured the official who could be expected to exercise independent judgment." *Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999); *see also Douglas v. City of New York*, 595 F. Supp. 2d 333, 342 (S.D.N.Y. 2009) ("In general, once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution. There is an exception, however: in a situation where a police officer is accused of providing false information to a prosecutor that influences a decision whether to prosecute, he may be held liable for malicious prosecution") (internal citations, quotation marks and alterations omitted). There is no such evidence in this case.

The false information that Plaintiff claims was provided by Defendants for the purposes of the first element is the information contained in the search warrant. *See* Dkt. No. 39-2 at 5–14. Plaintiff contends that the search warrant executed against him was invalid because it was not supported by probable cause. *See id.* In support of this allegation, Plaintiff claims that police reports contained inconsistencies, that Defendants did not corroborate alternative theories of the

8

alleged victim's recollection of the underlying events, that the alleged victim did not know Plaintiff's home address, and that proper photo array procedures were not followed. *See id.* Plaintiff has not, however, alleged sufficient facts to raise the prospect that either Defendant lied about the circumstances regarding the above. *See id.* Considering the information before the Court, Defendants had probable cause to obtain a search warrant for Plaintiff's residence based on the victim's identification of Plaintiff (who she was familiar with), as well as the photo array identification. *See* Dkt. Nos. 41-6, 41-11. While Plaintiff claims the procedures of the photo array were improper, the record before the Court does not support this conclusory allegation. *See* Dkt. No. 39 at 80:15–88:10. Moreover, Defendant Heid requested a search warrant after two consistent statements from the alleged victim. *See* Dkt. Nos. 41-6, 41-7.

Furthermore, Plaintiff has not set forth any evidence that would allow the chain of causation to exist as to these Defendants; there are no facts alleged that these Defendants participated in his prosecution besides effectuating the search and arrest, and no evidence has been produced to provide that Defendants caused an accusatory instrument to be signed. *See Davis v. City of New York*, No. 04-CV-3299, 2007 WL 755190, *9 (E.D.N.Y. Feb. 15, 2007); *see also Townes*, 176 F.3d at 147. "[T]he defendants' post-arraignment involvement in the prosecution was minimal, and certainly could not be considered 'active' or beyond the normal police tasks of 'report[ing information] or giv[ing] testimony.'" *Burgess v. DeJoseph*, 725 Fed. Appx. 36, 40 (2d Cir. 2018) (quoting *Manganiello*, 612 F.3d at 163). Nothing before the Court supports the conclusory assertion that any Defendant played an active role in encouraging or influencing the decision to continue the prosecution. *See id.* It was thus the prosecutor, not Defendants, who decided to continue the case despite any arguably exculpatory evidence.

9

With regards to the third element, "[p]robable cause is a complete defense to a malicious prosecution claim." *Kanderskaya v. City of New York*, 11 F. Supp. 3d 431, 436 n.1 (S.D.N.Y. 2014), *aff'd*, 509 Fed. Appx. 112 (2d Cir. 2015). "Under New York law, a grand jury indictment 'creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."'" *Cornell v. Kapral*, 483 Fed. Appx. 590, 592 (2d Cir. 2012) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). Moreover, "[i]t is well-established that an officer normally has probable cause to arrest 'if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth.'" *Kanderskaya*, 11 F. Supp. 3d at 436 (quoting *Molslavky v. AES Eng'g Soc., Inc.*, 808 F. Supp. 351, 255 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 1534 (2d Cir. 1993)). In the context of a malicious prosecution claim, "'even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause.'" *Kent v. Thomas*, 464 Fed. Appx. 23, 25 (2d Cir. 2012) (alteration omitted) (quotation omitted). However, "'[i]n order for probable cause to dissipate, the groundless nature of the charge must be made apparent by the discovery of some intervening fact.'" *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)). "[T]he question is whether either the evidence gathered after arrest undermined a finding of probable cause, or whether the [ ] [d]efendants' inquiry into the alleged [crime] so far departed from what a reasonable person would have undertaken as to itself constitute evidence of lack of probable cause." *Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 227 (E.D.N.Y. 2010). "[D]efendants are not obliged to exonerate [a] plaintiff or uncover exculpatory evidence, but the 'failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause.'" *Lawrence v. City Cadillac*, No.

10

10–CV–3324, 2010 WL 5174209, *6 (S.D.N.Y. Dec. 9, 2010) (quoting *Lowth*, 82 F.3d at 571). "Where . . . probable cause existed for the arrest itself, a plaintiff pursuing a malicious prosecution claim must establish that probable cause somehow 'dissipated' between the time of the arrest and the commencement of the prosecution." *Gaston v. City of New York*, 851 F. Supp. 2d 780, 793 (S.D.N.Y. 2012) (quoting *Johnson v. City of New York*, No. 08 Civ. 5277, 2010 WL 2292209, *6 (S.D.N.Y. June 7, 2010)). "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." *Lowth*, 82 F.3d at 571.

As discussed previously, Defendants had probable cause to seek a search warrant for Plaintiff because of the alleged victim's identification of Plaintiff, both based on her statements and her selection of Plaintiff from a photo array. *See* Dkt. Nos. 41-6, 41-7, 41-11. Once there was probable cause for Plaintiff's arrest, Plaintiff would have to show that the probable cause dissipated between the time of the arrest and the initiation of the prosecution. *See, e.g.*, *Gaston*, 851 F. Supp. 2d at 794. While Plaintiff purports to present arguably exculpatory evidence that developed after his arraignment, he failed to present sufficient evidence to permit a jury to find Defendants responsible for continuing his prosecution. *See Burgess*, 725 Fed. Appx. at 40. Furthermore, these Defendants were not obliged to exonerate Plaintiff, only to make inquires where a reasonable person would have done so. *See Lawrence*, 2010 WL 5174209, at *6. Plaintiff has not introduced evidence to suggest that Defendants had different information available to them between the time of Plaintiff's arrest and his grand jury indictment, and therefore, probable cause continued to exist. *See Williams v. City of New York*, No. 02 Civ. 3693, 2003 WL 22434151, *6 (S.D.N.Y. Oct. 23, 2003). Moreover, as stated previously, probable cause to prosecute Plaintiff is presumed because a grand jury indicted him of the menacing charge, and

11

Plaintiff has not overcome this presumption by presenting evidence of Defendants acting in bad faith. *See Cornell*, 483 Fed. Appx. at 592.

Finally, Plaintiff cannot satisfy the fourth prong of a malicious prosecution claim because Plaintiff cannot show that malice motivated the actions of either Defendant Heid or Defendant Cornell. Malice is "a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth*, 82 F.3d at 573. Plaintiff has not offered any evidence suggesting that these Defendants failed to investigate his innocence or made false allegations, *i.e.*, that their motives were malicious. *See Williams*, 2003 WL 22434151, at *8.

Based on the foregoing, the Court grants Defendants' cross-motion for summary judgment.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's motion for summary judgment (Dkt. No. 39) is **DENIED**; and the Court further

**ORDERS** that Defendants' cross-motion for summary judgment (Dkt. No. 41) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge